IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Kiawah Resort Associates, L.P., Kiawah Island Real Estate, LLC, and Kiawah Island Club, Inc., ) ) ) ) | C/A 2:11-2652-DCN-BM |
| Plaintiffs, ) ) | |
| v. ) ) | **REPORT AND RECOMMENDATION** |
| Akers, Ellis Real Estate and Rentals, LLC, Jeffrey Akers, Steven Ellis, Angus Bright, Nancy Bryant, Francis Carrese, Paul Charles, Kristina Connolly, Peter Conway, Charles Curran, Toula Digiovanni, Christian Hartsel, Tom Kulick, Bob Nitkewicz, Kimber Smith, Sherry Smith, Richard Trowman, and Karen Wlodarski, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

This action has been filed by the Plaintiffs asserting claims of trademark infringement, fraud, and numerous other causes of action against the Defendants, all arising out of the marketing and sale of real estate on Kiawah Island, South Carolina. On October 4, 2011, Defendant Christian Hartsel, representing himself pro se, filed a motion to dismiss or alternatively for a more definite statement.[1] Plaintiffs filed a response in opposition to Hartsel's motion on October 21, 2011. A

---

[1]This case was originally filed in the South Carolina Court of Common Pleas, Ninth Judicial Circuit, but was subsequently removed to this United States District Court by the Defendants. Hartsel had filed his motion while the case was still pending in state court, and following removal, it was
(continued...)

1



number of the individually named Defendants who are represented by counsel (hereinafter the "Individual Agents")[2] also filed a motion to dismiss on October 11, 2011, to which Plaintiffs filed a memorandum in opposition on October 28, 2011. These motions are now before the Court for disposition.[3]

### Motions and Allegations

Defendants have filed their motions to dismiss pursuant to Rule 12, Fed.R.Civ.P. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiffs. The motions can be granted only if the Plaintiffs have failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs allege in their First Amended Complaint that Plaintiff Kiawah Resort Associates, L.P. ("KRA") is a partnership responsible for the development of Kiawah Island, South Carolina, and is the owner of the registered service trademark KIAWAH ISLAND®, which it uses by itself or via its subsidiary, Plaintiff Kiawah Island Real Estate, LLC ("KIRE"). Plaintiffs allege that KRA has expressly and non-exclusively licensed the use of its mark to its subsidiary KIRE for the use of KIRE in offering real estate services. Plaintiff Kiawah Island Club ("Club"), is a South

---

[1](...continued)
placed on the docket for filing purposes effective October 4, 2011.

[2] Angus Bright, Nancy Bryant, Francis Carrese, Paul Charles, Kristina Connolly, Charles Curran, Tom Kulick, Bob Nitkewicz, Kimber Smith, Sherry Smith, Richard Trowman, and Karen Wlodarski.

[3] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. As the motions to dismiss are dispositive, this Report and Recommendation is entered for review by the Court.



Carolina corporation comprised of approximately sixteen hundred member families, almost all of whom own property on Kiawah Island. The Defendant Akers, Ellis Real Estate and Rentals, LLC ("AE") is alleged to be a local real estate company, and Hartsell and the "Individual Agents" who have filed the motions to dismiss all are alleged to have been real estate agents operating as independent contractors of Defendant AE.[4]

Plaintiffs allege that KRA and KIRE are well known as the purveyor of the various marketing and real estate services described in the Complaint, and that "the use of KRA's service mark in association with the advertising and sale of real estate for itself and KIRE is not only an indication of the origin of these services by these Plaintiff[s] but also signifies the superior quality in the services provided." Plaintiffs KRA and KIRE allege that they have spent substantial sums of money in advertising and promoting KRA's service mark, and that the words KIAWAH ISLAND REAL ESTATE have become synonymous in the market with the Plaintiffs, KRA and KIRE, and the exclusive quality services that both provide for its clients. Plaintiffs allege, however, that on or before June 10, 2011, in an effort to exploit "the millions of dollars of marketing and established name of Plaintiff KIRE and to take the prospects and business of Plaintiff KIRE, Defendants began directing internet traffic of customers of Plaintiff KIRE and prospects interested in properties exclusively listed with KIRE to its website . . . by using the name Kiawah Island Real Estate on that website and by posting the addresses of properties on Kiawah Island exclusively listed with [KIRE] in an intentionally misleading manner as if the Defendant AE were the listing agent." Plaintiffs

---

[4]The only exception to this description of the Individual Agents is with respect to the Defendant Kimber Smith, who in addition be being alleged to be an independent contractor of the Defendant AE, is also alleged to be the broker in charge for the Defendant AE and personally responsible for all actions of all licensed agents for Defendant AE. See Amended Complaint, ¶ 18.

3



further allege that over sixty (60%) percent of the properties recently listed on Defendant AE's website were in fact properties exclusively listed with Plaintiff KIRE, and that at no time did Plaintiffs authorize or allow Defendant AE to publicize such listings of Plaintiff KIRE's exclusively listed properties on its website, nor is KIRE a member of the Multiple Listing Service. Plaintiffs allege that this conduct has damaged KRA and KIRE and its clients by diversion of prospects who are searching for Plaintiff KIRE and interested in properties listed with it to Defendants AE and the individual Defendants.

Plaintiffs assert nine causes of action in their Amended Complaint, as follows: Plaintiffs KRA and KIRE assert a claim for Infringement of a Federally Registered Trademark (First Cause of Action), for Unfair Competition by Infringement of Common-law Rights, Fraud and Palming Off (Second Cause of Action), Violation of the Lanham Act by use of False Designation (Third Cause of Action), and Dilution of Mark and Injury to Business Reputation (Fourth Cause of Action). Plaintiff Club alleges a Violation of South Carolina Trade Secrets Act (Fifth Cause of Action) and a claim for Breach of Contract (Sixth Cause of Action). All three Plaintiffs assert a claim for violation of the South Carolina Unfair Trade Practices Act (Seventh Cause of Action). Finally, Plaintiffs KRA and KIRE assert claims for Civil Conspiracy (Eighth Cause of Action) and for an Accounting (Ninth Cause of Action). Plaintiffs seek a permanent injunction, that all Defendants be required to account for revenues derived from their improper acts, and for an award of monetary damages.

Hartsel asserts in his motion to dismiss that the Complaint "alleges no specific acts or intent on my part to participate with any other Defendants to engage in the acts complained of", and that since he is an independent contractor (an allegation which he admits) the conduct of any



other Defendants "do not in any manner affect me". Similarly, the "Individual Agents" assert in their motion to dismiss that "Plaintiffs complain of no specific conduct committed by any specific Individual Agent", but instead "have lumped all of the real estate agents currently working with Defendant [AE] at the time the Complaint was filed - regardless of how long those individuals have been employed and whether or not they even sell property on Kiawah Island - into bald, conclusory statements in an attempt to drag unnecessary parties into the litigation." These Defendants further argue that "Plaintiffs have not alleged that any of the individual agents have any actual control over the content of [AE's] website", and that Plaintiffs claim that the individual Defendants joined in or acquiesced to wrongful conduct by the Defendant AE is based on "conclusory allegations".

In response to Defendants' motions, Plaintiffs agree to withdraw any claims against these Defendants under Plaintiffs' Fifth (South Carolina Trade Secrets Act), Sixth (Breach of Contract), Seventh (South Carolina Unfair Trade Practices) and Ninth (Accounting) Causes of Action, but otherwise oppose Defendants' motions to dismiss. See Plaintiffs' Response (Court Docket No. 56), at pp. 6-7.

**Discussion**

With respect to the remaining causes of action, after careful review of the Amended Complaint under the applicable Rule 12 standard, the undersigned finds and concludes that, except with respect to Plaintiffs' First Cause of Action, sufficient factual allegations have been set forth to survive Defendants' motions to dismiss. The question on a Rule 12 motion to dismiss is only whether Plaintiffs' factual allegations state a plausible claim with respect to each of the remaining causes of action. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual



allegations must only be enough to raise a right to relief above the speculative level]. Plaintiffs' factual allegations are sufficient to meet this standard. Cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Daye v. Rubenstein, 417 Fed. Appx. 317, 318 (4th Cir. 2011) [same].

In their first cause of action, Plaintiffs KRA and KIRE allege that the Defendant AE, its principles, and "several of the individual defendants" infringed KRA's trademark and have refused to cease such acts even after having been given notice to do so. In their Second Cause of Action, Plaintiffs KRA and KIRE allege that the Defendants' conduct was intended to "deceive the public into believing that services rendered by Defendants are made by, approved by, sponsored by or affiliated with Plaintiffs KRA and KIRE" and were "committed with the intent to pass off and palm off Defendants' services as the services of KIRE and with the intent to deceive and defraud the public". In their Fourth Cause of Action, Plaintiffs allege that the Defendants' use and advertisement of KIAWAH ISLAND® in relation to the offer of real estate related services on the AE website created a likelihood of injury to the business reputation of KRA and KIRE and dilution to the distinctive quality of KRA's trademark in violation of S.C. Code Ann. § § 39-15-1160 and 1165.[5] In support of these causes of action, Plaintiffs allege that each of these named Defendants are independent contractors (real estate agents) of Defendant AE, and conspired with one or more of the

---

[5]S.C. Code Ann. § 39-15-1160 provides that a person is liable in a civil action for unapproved use of a registered trademark, while S.C. Code Ann. § § 39-15-1165 provides for injunctive relief against another's use of a Famous mark, such as Kiawah Island Real Estate.



Defendants to participate in this conduct.

Plaintiffs allege that on or before June 10, 2011 the Defendants began directing internet traffic of customers of Plaintiff KIRE and prospects interested in properties exclusively listed with KIRE to the AE website by using the name Kiawah Island Real Estate on that website and by posting the addresses of properties on Kiawah Island exclusively listed with Plaintiff KIRE in an intentionally misleading manner as if the Defendant AE were the listing agent.  The individual Defendant agents are then alleged to have used this website for the purpose of obtaining business and commissions for themselves, even though over sixty (60%) percent of the three hundred ninety (390) properties recently listed on the Defendant AE's website were in fact exclusively listed with Plaintiff KIRE.  Plaintiffs allege that the purpose of this conduct was to draw and mislead prospects who might have been searching for KIRE in seeking these services, and that these "misleading schemes and promotions by Defendant AE" were "accomplished, directed, joined [in] and ratified by "the individual agent Defendants, who "all use[d] the website to advertise and promote themselves individually and on behalf of AE . . . .".  Complaint, ¶ ¶ 35-39.  Plaintiffs allege that the misleading and deceptive advertising and marketing practices of the Defendant AE, by and through the individual Defendants, are in direct violation of the Realtors Standards of Practice and the applicable provisions of state and federal law.⁶  Plaintiffs further allege that the Defendant AE, by and through certain of

---

⁶Plaintiffs cite to the Realtors® Standards of Practice, which provides that Realtors shall not offer for sale/lease or advertise property without authority, or engage in any deceptive conduct including through the use of URLs and domain names; Amended Complaint, ¶ 40; and to S.C. Code Ann. § 40-57-135(C)(4), governing real estate brokers, salesmen and property managers, which provides that Realtors "may not advertise, market, or offer to conduct a real estate transaction involving real estate owned in whole or in part by another person without first obtaining a written listing agreement from the owner and when advertising or marketing in any medium including site signage, a [Realtor] clearly shall identify the full name of the company with which the  licensee is
(continued...)



the individual Defendants, sent unsolicited emails to KRE's clients seeking information on property rentals, for homes exclusively listed with KIRE, and general information regarding properties for sale on Kiawah Island, in an attempt to circumvent KIRE's exclusive listing agreements and in violation of the Realtors® Standards of Practice; Amended Complaint, ¶ 50; as well as that one or more of the individual Defendants sent unsolicited emails to Club members in an attempt to solicit business and garner property listings. Amended Complaint, ¶ ¶ 44, 47.

  In sum, all of the Defendants are alleged to be real estate agents working as independent contractors for the Defendant AE, that the Defendant real estate agents improperly used Defendant AE's website to direct customers and prospects of Plaintiff KIRE to themselves "to advertise and promote themselves individually and on behalf of AE", even though KIRE had the exclusive listing for the properties at issue (with over sixty (60%) percent of the properties listed on AE's website falling into this category), and that it was improper for Defendants to have done so. Plaintiffs further cite to the Realtors® Standards of Practice and a South Carolina law to show how the Defendants' conduct was improper. The argument for granting these Defendants' motion to dismiss is essentially two fold: 1) Plaintiffs provide no specific dates or times for when any one of these individual Defendants accessed the company website to try and obtain clients and sales by utilizing the Plaintiffs' proprietary information, and 2) Plaintiffs allege in parts of the Complaint that "one or more" or "several" or "certain" of the individual Defendants engaged in wrong doing, thereby injecting ambiguity into the allegations and indicating that some may have not. Complaint, ¶ ¶ 44, 47, 49-50, 54-55. Defendants further argue that the lumping together of these thirteen (13) individual

---

[6](...continued)
affiliated." Amended Complaint, ¶ 41.



Defendants does not provide the necessary individualized allegations against these Defendants to survive a motion to dismiss. See Brown v. Montoya, 662 F.3d 1152, 1165 (10th Cir. 2011)["It is not enough for the Complaint to lump the four-named defendants . . . ."]; cf. Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 136, 144, n. 6 (S.D.N.Y. 2004), with Austen v. Cattertion Partners V, LP, 709 F.Supp.2d 168, 177 (D.Conn. 2010)[Distinguishing Vogt because that case lumped the actions of eight defendants without any specific allegations as to the individual defendant]. While these are certainly not frivolous arguments, under the specific facts of this case the undersigned does not find that, except with respect to Plaintiffs' First Cause of Action, dismissal of these Defendants at this time is warranted.

      First, Plaintiffs specifically allege in the Complaint how AE's website improperly accessed Plaintiffs' exclusive listings, the time period that this occurred, and that each of these named individual Defendants then improperly used the Defendant AE's website to direct customers and prospects of Plaintiff KIRE to themselves "to advertise and promote themselves individually and on behalf of AE", for the purpose of improperly obtaining clients and commissions. Complaint, ¶¶ 35-39. This is the conduct each of these Defendants are alleged to have engaged in. It is not necessary for Plaintiffs to continue to individually name each of these thirteen (13) Defendants in each paragraph of the Complaint where these allegations are made. Vogt, 318 F.Supp.2d at 144 ["[O]n a motion to dismiss, the Court does not weight the strength of the evidence, and simply considers whether the complaint alleges sufficient facts which, if true, would permit a reasonable fact finder to find defendants liable."]. Defendants of course complain that Plaintiffs have merely "lumped all of the real estate agents" together, no matter how long they have been employed or whether or not they even sell property on Kiawah Island. However, with the exception of Plaintiffs' First Cause of

9



action, the allegations of the Complaint are that each of the Defendants have engaged in the conduct at issue. That is all that is required at this stage. Vogt, 318 F.Supp.2d at 146 [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]; see also Austen, 709 F.Supp.2d at 171 [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"], citing Twombly, 550 U.S. at 556 (internal quotation marks and citations omitted); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim]; Austen, 709 F.Supp.2d at 172 [Plaintiff required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible].[7]

    Defendants are correct, however, that Plaintiffs' First Cause of Action alleges only that "several of the individual Defendants", but not all of them; acted in concert with AE, Akers and Ellis to infringe Plaintiffs' registered trademark. Complaint, ¶ ¶ 54-55. This is not sufficient to put these Defendants on notice of whether or not any one of them individually is charged with having engaged in this alleged misconduct. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts against a named Defendant sufficient to state a claim against that

---

[7]The fact that some paragraphs of the Complaint indicate that not all of the Defendants may have copied email addresses of club members or otherwise misused the Plaintiff Club's email list, or that some of these Defendants may have "temporarily" attempted to correct their previous improper behavior, does not entitle them to dismissal, as *all* of the Defendants are nevertheless alleged to have engaged in the other activity at issue. Cf. Complaint, ¶ ¶ 35-39, 43-44, 46-47, 50.

10



Defendant]. Therefore, as none of these individual Defendants has any way of knowing whether they are among the Defendants alleged to have committed the conduct alleged in Plaintiffs' First Cause of Action, these Defendants are entitled to dismissal as party Defendants under that claim. Iqbal, 129 S.Ct. at 1949 [Plaintiff must state a plausible claim for relief against a named Defendant]; Frey v. City of Herculaneum, 44 F3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim [against a named Defendant] as a matter of law and must not be conclusory"].

With respect to Plaintiffs' Second and Fourth Causes of Actions, however, while, concededly, Plaintiffs will still have to submit *evidence* sufficient to establish that the Defendants (or any one of them) actually engaged in the conduct they are alleged in the Complaint to have engaged in, the factual allegations of Plaintiffs' Amended Complaint are sufficient to state the claims asserted against them in Plaintiffs' Second and Fourth Causes of Action. Francis, et al, v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; Slade, 407 F.3d at 248 ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"]; see also Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]. It is noted that the United States Court of Appeals for the Fourth Circuit views the granting of a 12(b)(6) motion as appropriate only in "very limited circumstances" where "it appears to a certainty that the plaintiff would be entitled to no relief under



any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir. 1989).

Plaintiffs allegations are also sufficient to state the claim asserted against these Defendants in Plaintiffs' Third Cause of Action for violation of the Lanham Act.[8]  Therefore, these Defendants are also not entitled to dismissal from Plaintiffs' Third Cause of Action asserting a claim under the Lanham Act. Iqbal, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; see also Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991)[When considering a Rule 12 motion to dismiss, the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in the Plaintiff's favor](quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)); Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."].

Finally, Plaintiffs allege in their Eighth Cause of Action that the Defendants' conduct, individually and as independent contractors, constituted a conspiracy with the Defendant AE to further their individual financial interests and those of AE for the primary purpose of injuring KIRE. The tort of civil conspiracy contains three elements: 1) a combination of two or more persons, 2) for the purpose of injuring the Plaintiff, and 3) causing Plaintiff special damage. Kuznik v. Bees Ferry Association, 538 S.E.2d 15, 31 (S.C. Ct. App. 2000).  Plaintiffs have alleged all the necessary

---

[8]The Lanham Act, 15 U.S.C. § 1125(a), provides a federal cause of action for infringement of an unregistered trademark or service mark; specifically, the unauthorized use in commerce of any word, term, name, symbol or device, or any combination thereof, to which a Plaintiff has an enforceable right and is such that consumers are likely to confuse the two. Crystal Entertainment & Fireworks, Inc. v. Jurado, 643 F.3d 1313, 1320 (11th Cir. 2011).

12



elements for a civil conspiracy involving these Defendants, and the factual allegations of the Complaint are sufficient to state a plausible claim for relief "on its face" with respect to this claim. Iqbal, 129 S.Ct. at 1949; see also Lee v. Chesterfield General Hospital, Inc., 344 S.E.2d 379, 383 (S.C. 1986)["[A]gents of a corporation are legally capable, as individuals, of conspiracy among themselves or with third parties"]. Therefore, these Defendants are not entitled to dismissal of Plaintiffs' cause of action for civil conspiracy.

## Conclusion

Based on the foregoing, these Defendants should be **dismissed** as party Defendants from Plaintiffs' First, Fifth, Sixth, Seventh and Ninth Causes of Action. However, in all other respects, Defendants motions to dismiss should be **denied** because the allegations of the Complaint are sufficient to state a claim against the Defendants with respect to Plaintiffs' Second, Third, Fourth and Eighth Causes of Action. Iqbal, 129 S.Ct. at 1949. After the completion of discovery in this case, the Defendants may file a properly supported Rule 56 motion for summary judgment if they do not believe the evidence obtained through discovery supports the factual allegations made against them.

The parties are referred to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 27, 2012
Charleston, South Carolina



13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

14

