IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kiawah Resort Associates, L.P., Kiaway Island Real Estate, LLC, and Kiawah Island Club, Inc., | C/A No. 2:11-2652 DCN BM |
| Plaintiffs, | |
| vs. | **ORDER** |
| Akers, Ellis Real Estate and Rentals, LLC, Jeffrey Akers, Steven Ellis, Angus Bright, Nancy Bryant, Francis Carrese, Paul Charles, Kristina Connolly, Peter Conway, Charles Curran, Toula Digiovanni, Christian Hartsel, Tom Kulick, Bob Nitkewicz, Kimber Smith, Sherry Smith, Richard Trowman, and Karen Wlodarski, | |
| Defendants. | |

The above referenced case is before this court upon the magistrate judge's recommendation that defendants Angus Bright, Nancy Bryant, Francis Carrese, Paul Charles, Kristina Connolly, Charles Curran, Tom Kulick, Bob Nitkewicz, Kimber Smith, Sherry Smith, Richard Trowman, Karen Wlodarski ("Individual Agents") and Christian Hartsel be dismissed as party defendants from plaintiffs' First, Fifth, Sixth, Seventh and Ninth Causes of Action. It is further recommended that defendants' motions to dismiss be denied with respect to plaintiffs' Second, Third, Fourth and Eighth Causes of Actions.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend

for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]  Objections to the magistrate judge's report and recommendation were timely filed on February 10, 2012 by defendant Hartsel and February 13, 2012 by the Individual Agents.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and defendants' motions to dismiss is **GRANTED IN PART** as to plaintiffs' First, Fifth, Sixth, Seventh and Ninth Causes of Actions and **DENIED IN PART** as to plaintiffs' Second, Third, Fourth, and Eighth Causes of Actions.

**IT IS FURTHER ORDERED** that any defendant may file a properly supported Rule 56 motion for summary judgment after the completion of discovery.

**IT IS FURTHER ORDERED** that this matter is remanded to the magistrate judge for all remaining pending motions and discovery.

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

    AND IT IS SO ORDERED.

                                                            David C. Norton
                                                            United States District Judge

February 14, 2012
Charleston, South Carolina


                                  ***NOTICE OF RIGHT TO APPEAL***

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure